UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RICHARD SANCHEZ

   Plaintiff,

vs.

CIVIL ACTION NO.:

VIP CINEMAS, INC. AND MARK MCSPARIN

   Defendants

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

Plaintiff Richard Sanchez asserts claims for unpaid overtime wages on behalf of himself and similarly-situated employees pursuant to the collective action provisions of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), against Defendants VIP Cinemas, Inc. and Mark McSparin, individually, (collectively "Defendants") due to Defendants' actions of failing to pay him and other similarly-situated employees one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week. In so doing, Defendants acted in a coordinated and calculated scheme and, with a

common practice and purpose, deliberately and willfully violated Plaintiff and the putative FLSA Class Plaintiffs' rights under the FLSA.

## JURISDICTION

1. Jurisdiction is conferred upon this Honorable Court by 29 U.S.C. §216(b), this action arising under the FLSA; by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce; and by 28 U.S.C. §1331, this action involving questions of federal law. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the Northern District of Florida is where "a substantial part of the events or omissions giving rise to the claim occurred . . . ."

## PARTIES

3. Plaintiff Richard Sanchez was at all times material hereto a resident of the State of Florida and worked for Defendants performing movie theater support services beginning in 2018. In October 2018, he was promoted to the role of Assistant General Manager, but still paid at an hourly rate of pay. In June 2019, he was promoted to the role of General Manager, again at an hourly rate of pay. Plaintiff worked for

Defendants in this manner until July 2022, when he was terminated after refusing to terminate an employee for appearing, presenting, being or supporting being homosexual. (That claim will be the subject of a charge before the Equal Employment Opportunity Commission and the Florida Council on Human Rights, which is soon to be filed.)

4. Named Defendants herein are:

   a. VIP Cinemas, Inc., an Illinois corporation authorized to do and doing business in the State of Florida and in the Northern District of Florida during the time periods complained of herein.

   b. Mark McSparin, the owner of VIP Cinemas, Inc., who regularly conducted business in person and remotely in this State. Mark McSparin was directly involved in the policies complained of herein. Mark McSparin is alleged to be liable as Plaintiff's joint employer under the FLSA.

## PLAINTIFF IS COVERED BY
## THE FAIR LABOR STANDARDS ACT

5. Defendants are in the business of operating movie theaters in the State of Florida. Defendants do significant business in Northwest Florida.

6. Plaintiff was hired by Defendants in 2018 and was promoted to Assistant General Manager in December 2018 and to General Manager in June 2019.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

8. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

9. Specifically, Plaintiff utilized materials and equipment that originated outside the State of Florida to perform his job and utilized interstate wires to communicate and make other transactions as a routine part of his job while employed by Defendants.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

11. Specifically, Defendants were responsible for hiring, firing, supervising, issuing payment to Plaintiff and implementing the employment and payroll policies complained of herein and Plaintiff was economically dependent upon Defendants.

12. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

13. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## FACTUAL BACKGROUND

15. In 2018, Defendants retained Plaintiff to perform movie theater support services.

16. He was promoted to the role of Assistant General Manager in October 2018.

17. As Assistant General Manager, Plaintiff was paid on an hourly basis at a rate of $14.00 per hour.

18. In June 2019, he was promoted to the role of General Manager.

19. As General Manager, Plaintiff was paid on an hourly basis at an initial rate of $14.00 per hour, which increased to $15.00 per hour at the end of the summer.

20. During the period from October 2018 until the end of his employment with Defendants, Plaintiff regularly and routinely worked in excess of 40 hours per week for Defendants, sometimes working 45 or 50 or more hours per week.

21. This time was worked both at Defendants' place of business and after hours at home when Plaintiff was required to respond to telephone calls, emails, texts and Google chat conversations, often for hours each week.

22. However, despite the fact that Plaintiff regularly and routinely worked in excess of 40 hours per week for Defendants, Defendants did not pay him one and one-half times his regular rate of pay for the hours he worked over 40 per week.

23. Moreover, during this time period, Defendants restricted the hours that Plaintiff was able to clock in, but still required him to work his normal hours and, at times, paid Plaintiff at a reduced amount of pay in cash, also depriving him of all of the overtime pay which he was owed.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings this FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who worked for Defendants at an hourly rate of pay, worked in excess of 40 hours per week, but were not paid at a rate of pay of one and one-half times their regular hourly rate of pay for all hours worked in excess of 40 per week, in direct violation of the FLSA.

25. Plaintiff brings this action as a collective action under the FLSA to recover unpaid overtime, an equal amount as liquidated damages,

attorneys' fees and costs, and all other damages owed to Plaintiff and all similarly-situated employees of Defendants due to Defendants' failure to accurately record the hours that they worked and failure to pay them overtime for all hours that they worked in excess of 40 per week.

26. Plaintiff estimates that there are dozens, if not hundreds, of members of the FLSA Collective Class who have been affected by Defendants' improper policies and practices, based upon the number of current employees of Defendants, the number of work locations maintained by Defendants, the Defendant's treatment of all of its employees in the same manner, and the turnover rate of Defendants' employees in the last three years.  It would be impractical to join all of those employees and former employees in this action.

27. The precise number of persons in the FLSA Collective Action Class can be easily identified and located using Defendants' payroll and other personnel records.

28. Given the composition and size of the FLSA Collective Class, potential opt-in class members may be informed of the pendency of this Collective Action by direct mail, text message and email.

29. Plaintiff's claim for unpaid overtime wages is properly maintained as a collective action because Plaintiff is similarly situated to the collective action members he seeks to represent via the Class in that:

   a. Plaintiff and similarly situated employees worked for Defendant as hourly employees and were subject to the same job scheduling policies and payment practices (although they may have been paid a different hourly rate).

   b. Plaintiff is personally aware that Defendants had a policy whereby it did not pay hourly employees who worked in excess of 40 hours per week one and one-half time their normal rate of pay for those hours in excess of 40 on the belief that it did not have to pay overtime;

   c. Plaintiff is personally aware that other similarly situated employees of Defendants routinely worked in excess of 40 hours per week but were not paid all overtime owed for all hours worked in excess of 40 hours per week due to Defendants' unlawful policy of not paying overtime.

   d. Although the number of hours worked by Plaintiff and FLSA Collective Plaintiffs may differ, the payment scheme described above was applied to all hourly employees who worked for

  Defendants and who worked overtime. The hours each employee worked should be readily determinable by review of Defendants' records and via the Plaintiff and FLSA Collective Action Plaintiffs' best recollection where or if Defendants' records are incomplete, incorrect or otherwise inadequate.

 e. Accordingly, Plaintiff is in the best position to represent all members of the FLSA collective class as a whole.

30. In addition, because Defendants applied their unlawful employment and payment policies in the same manner to all potential members of the FLSA Collective Class, common issues of law and fact predominate, and therefore pursuing this matter as a collective action serves as the most expeditious use of the court's time and resources, as well as avoiding multiple actions on these issues, with the potential for differing or inconsistent judgments.

31. Plaintiff requests that the Court authorize notice to the FLSA Collective Class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA.

## COUNT I: CLAIM FOR VIOLATION OF FEDERAL OVERTIME WAGE REQUIREMENTS

32. Defendants are employers covered by the overtime wage mandates of the FLSA, and Plaintiff and the putative FLSA Plaintiffs were entitled to be paid overtime under the FLSA.

33. Defendants violated the FLSA by failing to pay Plaintiff and the putative FLSA Plaintiffs the legally mandated overtime rate of pay for every hour that he worked in excess of 40 per week.

34. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff and the putative FLSA Plaintiffs as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

35. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

36. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the putative FLSA Plaintiffs at the federally mandated

overtime rate of pay for all hours worked when they knew, or should have known, such was and is due.

37. Defendants have failed to properly disclose or apprise Plaintiff and the putative FLSA Plaintiffs of their rights under the FLSA.

38. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and the putative FLSA Plaintiffs suffered lost overtime wages plus liquidated damages.

39. Plaintiff and the putative FLSA Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## CONSENT

40. Plaintiff's consent to file this Complaint is evidenced by his signature on the FLSA Consent Form that is attached hereto as Exhibit "A."

## ATTORNEY'S FEES

41. Plaintiff is entitled to an award of prevailing party attorney's fees pursuant to the FLSA. 29 U.S.C. § 201-209.

**COUNT II: VIOLATION OF FLORIDA'S WAGE PAYMENT ACT**

42. As part of his employment agreement with Defendant, Plaintiff was promised that he would be paid certain wages in exchange for performing certain duties.

43. Plaintiff faithfully performed his job duties for Defendants until his wrongful termination, including performing substantial after hours and off the clock work for Defendants for which he should have been paid his hourly salary.

44. However, he was not paid all of the wages that were accrued and owed upon his cessation of employment.

45. Defendant has no justification for failing to pay these wages.

46. Accordingly, Plaintiff is entitled to an award of his unpaid wages, in full.

47. In addition, Fla. Stat. § 448.08 provides that where an employee is successful on a claim for accrued wages, he is entitled to an award of attorneys' fees and costs.

## RESERVATION OF RIGHTS

48. Plaintiff reserves the right to file additional claims related to his termination upon the conclusion of the investigation into those claims by the EEOC and/or FCHR.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Richard Sanchez prays that Defendants be duly served with a copy of this Complaint and that after due proceedings are had, that there be judgment rendered herein in favor of Plaintiff and against

Defendants for all damages reasonable in the premises, and demands a judgment containing the following:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA;

    b. Enjoining Defendants from engaging in future overtime wage pay or other FLSA violations;

    c. Awarding Plaintiff overtime compensation for the hours worked for Defendants in excess of 40 per week;

    d. Awarding Plaintiff liquidated damages in an amount equal to the overtime wage compensation award;

    e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    f. Awarding Plaintiff pre-judgment interest; and

    g. Awarding Plaintiff all other relief to which he is entitled.

Dated: September 19, 2022

Respectfully submitted,

/s/ *Mary Bubbett Jackson*

Mary Bubbett Jackson, (FL Bar No. 100852)
**JACKSON+JACKSON**
1992 Lewis Turner Blvd, Suite 1023
Fort Walton Beach, Florida 32547
T: (850) 200-4594
F: (888) 988-6499
E: mjackson@jackson-law.net
Attorney for Plaintiff